UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____X

| | |
|---|---|
| JAVIER LEWIS, | CIVIL ACTION |
| Plaintiff | NO. |
| VS. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, | |
| Defendant | |

_____X

## COMPLAINT

## NATURE OF ACTION

1. The Plaintiff brings this action against the Defendant for injuries suffered by him while in the employ of the Defendant Railroad.

## JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. Venue properly lies in this Court pursuant to 45 U.S.C. § 56.

## PARTIES

3. The Plaintiff is domiciled in Brooklyn, New York.

4. The Defendant, National Railroad Passenger Corporation, (hereinafter referred to as Defendant Railroad or "Amtrak"), is a railroad corporation duly established by law and operates a railroad between New York, New York and New Haven, Connecticut.

## FACTS

5. During all times herein mentioned, the Defendant Railroad was a common carrier engaged in the business of interstate commerce.

6. At the time the Plaintiff received the injuries complained of, he was employed by the Defendant Railroad as a substation electrician.

7. At the time the Plaintiff received the injuries complained of, the Defendant Railroad was engaged in interstate commerce and the Plaintiff was employed in furtherance of said commerce.

8. On or about December 5, 2019, the Plaintiff was engaged in his duties as a Power Department SubStation Electrician at or about the Van Nest in the Bronx, New York, which yard, lines, tracks, rails, engines, trains, substations, transformers, catenary system, and all other equipment and appliances appurtenant thereto were owned and/or operated and/or controlled and/or maintained by the Defendant corporation.

9. At the time the Plaintiff received the injuries complained of, his crew was installing two large fuses in a transformer that was elevated on a steel structure at the Van Nest Substation near the Hell Gate Bridge.

10. The Foreman instructed the crew to use a ladder to hang the bottom end of fuses by hand and then they would need to stand in the bed of their truck so they could reach the fuses to close them with a pantograph pole that was too short.

11. The Foreman climbed up the ladder and hung the first fuse with his hands. The ladder was then moved so the crew could hang the second fuse.

12. At the time of injury, the Plaintiff was holding the ladder for a co-worker to hang the second fuse. The Plaintiff's co-worker was electrocuted with 25,000 volts and there was an explosion that caused the Plaintiff to catch on fire.

13. The Plaintiff had no experience or training installing fuses in high voltage transformers.

14. At all relevant times hereto, the Defendant Railroad was responsible for providing the Plaintiff with a safe place in which to work.

15. The Defendant Railroad, its agents, servants, or employees were negligent in one or more of the following ways:

a) it failed to provide employees with any instruction and/or training and/or training modules for a procedure to replace fuses in a high voltage transformer; and/or

b) it failed to provide the Plaintiff and his crew with a telescopic hot stick and/or approved high voltage rubber gloves and/or proper and safe equipment and tools to perform their work; and/or

c) it failed to instruct and qualify the Plaintiff with any hot stick training in the specific techniques for using hot sticks to install fuses on a transformer; and/or

d) it negligently attempted to hang fuses by hand using a ladder within close distance of high voltage; and/or

e) it failed to de-energize the power and confirm with a high voltage tester; and/or

f) it negligently used a ladder and failed to provide a bucket truck; and/or

g) it failed to use reasonable care to provide the Plaintiff with a safe place in which to work, including but not limited to furnishing him with safe and suitable tools, equipment, premises, training, briefing and procedures; and/or

h) it failed to properly warn the Plaintiff; and/or

i) it failed to make and to publish sufficient and necessary rules and prescribe such proper and adequate procedures and training modules for the Plaintiff and others to follow; and/or

j) the Plaintiff's foreman, supervisors and managers failed to ensure the safe performance of the work, and failed to personally and continuously supervise; and/or

k) the Plaintiff's co-worker failed to maintain the minimum clearance distance from high voltage; and/or

l) it failed to have a job safety briefing prior to performing the work and require the written signature of the employees to confirm that the work assignment was explained and understood; and/or

m) it carelessly performed high voltage electrical work at the Van Nest Substation without a Power Clearance Form or Employee Work Permit Form; and/or

n) it failed to notify the Power Director when entering the substation; and/or

o) it carelessly allowed employees to work with high voltage electricity at the Van Nest Substation based on phone calls to the Power Director rather than following the proper procedure for written confirmation by the employees that the precise power clearance was explained and understood.

16. As a result of the negligence in whole or in part of the Defendant Railroad, its agents, servants, or employees, the Plaintiff was injured.

17. As a result of the negligence in whole or in part of the Defendant Railroad, its agents, servants, or employees, the Plaintiff suffered severe post-traumatic stress disorder.

18. As a result of the said injuries, the Plaintiff has suffered and will suffer lost wages and benefits, incurred medical expenses, pain and mental anguish and will continue to do so in the future, and has an impairment to his earning capacity and impaired economic horizons.

WHEREFORE, in order to fairly and justly compensate the negligently injured Plaintiff and thereby promote safe operating conditions on the Defendant Railroad, the Plaintiff demands a judgment for monetary damages against the Defendant Railroad in addition to any further relief the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

By /s/ George J. Cahill, Jr.
George J. Cahill, Jr.
CAHILL & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904
cahill@trainlaw.com